# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

January 19, 2024

*Via ECF*

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      RE:    *B.M. a/o/e Z.O. v. Gonzalez, et al.*, 22-CV-2658 (VEC)
             *D.K., et al. v. Teams, et al.*, No. 16 Civ. 3246 (PAE)

Dear Judge Engelmayer:

      We represent Plaintiff Z.O. in *B.M. a/o/e Z.O. v. Gonzalez, et al.*, No. 22 Civ. 2658 (S.D.N.Y.), a case currently pending in this Court before the Honorable Valerie E. Caproni (the "Present Action").

      We write pursuant to Federal Rule of Civil Procedure 26(c) to request that the Court modify the Confidentiality Order it entered in *D.K. et al. v. Teams et al.*, No. 16 Civ. 3246 (S.D.N.Y.) (the "Prior Action") to permit Z.O. to produce discovery materials that were marked "Confidential" in the Prior Action to Defendants in the Present Action, provided that those materials remain marked "Confidential" and receive Confidential treatment under the Qualified Confidentiality Order governing discovery in the Present Action. *See* Present Action, Dkt. 89.

      Z.O. is a plaintiff in both the Present Action and the Prior Action, and our law firm was counsel to all plaintiffs in the Prior Action. We previously filed this motion with Judge Caproni, who directed us to file it with Your Honor. Plaintiff contacted counsel for Defendants in B.M. the Present Action obtain their position on this application. The Z.O. Defendants (only one of whom was named in the Prior Action action) neither consent or object to Plaintiff's application.

*Background*

In the Present Action, Plaintiff Z.O. alleges that Defendants, staff members and supervisors at the Union Avenue IRA, a State-run group home for people with developmental disabilities, caused her death by failing to provide her with appropriate care to prevent her from suffering a fatal bowel impaction. *See* Present Action Compl., Dkt. 1. Z.O. alleges that Defendants may have failed to provide her with this necessary care in retaliation against her for bringing the Prior Action, which Z.O. brought with two other residents of the Union Avenue IRA alleging years of horrendous physical and psychological abuse by staff and supervisors at the group home. *Id.* ¶¶ 1-5, 63-65. The abuse uncovered during discovery in the Prior Action was so horrific that the State of New York agreed to relinquish control of the Union Avenue IRA to a private provider in a settlement that also awarded $6 million to the three plaintiffs. *Id.* ¶¶ 61-62. As discussed at the most recent discovery conference before Judge Caproni, text messages from the day of Z.O.'s death among Defendants in the Present Action link her death to the settlement in the Prior Action. *See* Present Action, Dkts. 112-1-3.

Because Z.O. alleges that the Prior Action, at least in part, motivated Defendants' maltreatment of Z.O. in the Present Action, documents and deposition testimony from the Prior Action about the abuse Z.O. endured and the group home's failure to address that abuse are relevant to Z.O.'s claims here. However, the majority of that discovery was marked "Confidential" under the Confidentiality Order in the Prior Action, attached hereto as Exhibit 1. (the "Prior Action Confidentiality Order"). The Prior Action Confidentiality Order limits disclosure of materials marked "Confidential" to the Court, the parties, their counsel, witnesses, experts, and support personnel directly involved in the Prior Action. Ex. 1 ¶ 7. Although Z.O. is a plaintiff in both cases and Elizabeth Gonzalez is a Defendant in both cases, not all of the parties overlap. The other two plaintiffs in the Prior Action are not plaintiffs in the Present Action, and the two cases have several distinct Defendants. Thus, the current terms of the Prior Action Confidentiality Order do not allow Plaintiff to produce discovery marked "Confidential" in the Prior Action to Defendants in the Present Action, even though it is relevant to her claims here.

*Argument*

The Prior Action Confidentiality Order authorizes the Court to modify it on a motion by one or more of the parties in the Prior Action: "This Stipulation and Order . . . may be modified in whole or in part by order of the Court entered *sua sponte*, upon consent of the Parties, or upon consideration of the motion of one or more of the Parties or the person or entity seeking such modification." *Id.* ¶ 24. Plaintiff was a party in the Prior Action, so her motion to this Court is an appropriate basis for the Court to modify the Prior Action Confidentiality Order.

Courts in this Circuit have granted motions to modify confidentiality orders to permit the sharing of confidential materials in a separate case where, as here, the cases concern related subject matter and involve some of the same parties, because "[a]llowing the sharing of discovery among related cases is an efficient and effective means of avoiding duplicative and costly discovery, as well as avoiding unnecessary delay in the adjudication of cases." *Charter*

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

*Oak Fire Ins. Co. v. Eletrolux Home Prods., Inc.*, 287 F.R.D 130, 134 (E.D.N.Y. 2012) (permitting sharing of confidential materials in related products liability cases); *see also WLIG, Inc. v. Cablevision Systems Corp.*, 879 F. Supp. 229, 232, 236 (E.D.N.Y. 1994). Modification of a protective order to permit the sharing of confidential materials in a related matter is especially appropriate where, as here, the discovery would remain confidential in the related matter, since "there will be no public dissemination, which is what the [original] Protective Order . . . was designed to prevent." *Charter Oak Fire Ins. Co.*, 287 F.R.D. at 134.

Plaintiff's request that materials marked Confidential in the Prior Action continue to receive Confidential treatment under the Qualified Confidentiality Order in the Present Action ensures that documents marked Confidential in the Prior Action will remain shielded from public disclosure. Like the Prior Action Confidentiality Order, the Qualified Protective Order in the Present Action limits disclosure of materials marked "Confidential" to the Court, the parties, their counsel, witnesses, experts, and litigation support personnel. Present Action Dkt. 89, ¶ 10. Thus, the only people who would have access to the materials marked Confidential in the Prior Action are those directly involved in this litigation, which involves two of the same parties and concerns related events at the same State-run group home.

In addition, L.K., the sister and legal guardian of D.K., one of the two other plaintiffs in the Prior Action, consents to Plaintiff's production of materials marked "Confidential" in the Prior Action to Defendants in the Present Action. *See* Ex. 2 (L.K. Affidavit).[1]

*Conclusion*

For the reasons stated above, Plaintiff requests that the Court modify the Prior Action Confidentiality Order to permit Plaintiff to produce documents marked "Confidential" in the Prior Action to Defendants in the Present Action, provided that those documents remain marked "Confidential" and continue to receive Confidential treatment under the Qualified Protective Order in this case.

Respectfully Submitted,

Ilann M. Maazel
Max Selver

Encl.

c. All counsel of record via ECF

> The Court is dismayed to hear of this development and sends condolences to Z.O.'s loved ones. The request to modify the Confidentiality Order is GRANTED. The Court also grants the motion to seal limited redactions in Exhibit 2 attached to this letter-motion, pending at Docket 497.
>
> SO ORDERED.
>
> *Paul A. Engelmayer*
> ─────────────────────
> PAUL A. ENGELMAYER
> United States District Judge
>
> Dated: January 23, 2024

---

[1] C.R., who was the father legal guardian of B.R., the third plaintiff in the Prior Action, passed away after the settlement of that case. Undersigned counsel spoke with B.R.'s brother and aunt in an attempt to find her current legal guardian, but neither was able to provide paperwork verifying the identity of B.R.'s current legal guardian. However, both indicated on the telephone that they would consent to sharing materials marked "Confidential" in the Prior Action with Defendants in the Present Action.